No. ——

First Circuit

——

FRITZ v. NOLAN

——

(June 7, 1927.  Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 160.**

A letter written eight months after signing the contract at a time that the purchaser knew how the contract was executed sending part payment on account but not complaining, shows that the purchaser was satisfied with the contract and did not, by this letter, offer the part payment as full settlement.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Caruth Jones, Judge.

Action by Edward H. Fritz against C. J. Nolan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wm. G. Randolph, of Baton Rouge, attorney for plaintiff, appellee.

Jess Johnson, of Baton Rouge, attorney for defendant, appellant.

LECHE, J.  Plaintiff prays for judgment against defendant in the sum of one hundred forty-two and 83-100 dollars ($142.83) alleged to be the balance due on a contract, under which he furnished defendant with advertising matter during one year, beginning April 10, 1925. The advertising matter consisted of cuts and metal plates mounted on wooden bases at an agreed price of one and 75-100 dol-

lars each, aggregating during the year one hundred eighty-nine and 11-100 dollars, of which amount defendant paid to plaintiff on December 7, 1925, the sum of $46.28, leaving due the aforesaid balance of $142.83.

The defense in brief, is that defendant was induced through the false and fraudulent representations of plaintiff's agent to sign an order for the alleged advertising matter; that the cuts furnished did not, when printed in the local papers in which defendant did his advertising, produce the same kind of work as the samples shown to him by plaintiff's agent; that defendant had given notice to plaintiff to discontinue the service; that defendant did pay plaintiff $46.28, but that he did so with a view to avoid a law suit, and in the hope that plaintiff would accept the same in settlement.

The District Court rendered judgment for plaintiff as prayed for and defendant has appealed.

The samples shown by plaintiff's representative and solicitor consisted of impressions printed on heavy glazed paper from plates similar to those furnished to defendant. They appeared clear in detail, and almost as clean cut as steel engravings, while the impressions produced by the same plates on ordinary printing paper such as is almost universally used by newspapers appeared somewhat blurred and indistinct in detail. This, no doubt, is what disappointed defendant and caused him to conclude after he saw his advertisement in the local paper that he had been misled, and wrongfully induced into signing a fraudulent contract.

It does not appear from the record, when defendant began to use the plates furnished to him by plaintiff. The contract was signed on April 10, 1925, and

eight months later, on December 7, 1925, at a time when he must have had full knowledge of the matters of which he now complains, a letter was written by him to plaintiff, enclosing a check for $46.28, and not a word of complaint is therein contained. Here are the full contents of the letter:

"Gentlemen: Enclosed please find check for $46.28 to apply on our account. We desire this service discontinued at the expiration of our contract with you. Yours truly, etc."

We find no evidence to sustain the defense that the service had been ordered discontinued, and the language of the letter refutes the defense that the $46.28 was offered as a compromise, for a settlement in full.

Defendant evidently realized too late that he had made an unprofitable agreement and we find no ground to relieve him from the result of his own mistake.

The judgment appealed from is therefore affirmed.